## McGUIRE v. McGUIRE.

No. 11917—Opinion Filed June 13, 1922.

Motion to Modify Judgment Denied July 25, 1922.

(Syllabus.)

**Divorce—Allowance of Alimony and Attorneys' Fees—Decree—Affirmance.**

Record examined, and held, that the judgment and decrees of the trial court should be affirmed, and it is so ordered.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Ruby Ridgway McGuire against Bird McGuire for divorce. From decree as to division of property and allowance of alimony and attorneys' fees, plaintiff brings error. Affirmed.

F. E. Riddle and Conn Linn, for plaintiff in error.

Breckenridge, Bostick & Daniel, Jerry O'Meara, and Edward P. Marshall, for defendant in error.

PER CURIAM. The plaintiff in error, Ruby Ridgway McGuire, as plaintiff below, filed her petition in the district court of Tulsa county, wherein she prayed for separate maintenance, but there was no prayer for divorce. Defendant in error, Bird McGuire, defendant below, filed an answer and cross-petition, praying for divorce on the ground of extreme cruelty. Plaintiff filed a reply thereto, consisting of a general denial, praying for divorce on the ground of infidelity, with a specific charge of adultery with a certain female therein named.

The cause was tried to the court, and resulted in a judgment in favor of the plaintiff for divorce, decreeing to her certain designated separate property and judgment for permanent alimony in the sum of $20,000 and attorneys' fees in the sum of $2,000, and decreeing a lien upon the homestead property owned by the defendant to secure the payment of alimony and attorneys' fees.

The plaintiff filed a timely motion for a new trial as to the question of separate property and alimony, which being overruled by the court, she has regularly commenced this proceeding in error to have the decrees of the trial court modified as to the amount of permanent alimony and attorneys' fees, and praying that she should be decreed the home and furniture, especially her linens and curtains, and that she should be awarded additional $1,000 attorneys' fees for the services of her counsel, but has not appealed from the judgment of the trial court granting her absolute divorce.

We have carefully examined the record of the trial court, which consists of nearly 1,000 pages, most of which is a transcript of the oral testimony taken upon the trial of said cause; also the plaintiff's assignments of error and the briefs filed by her counsel, and we are clearly of the opinion that there is no merit in the plaintiff's appeal. There were no controverted questions of law involved. The record discloses that the trial court carefully considered the rights of these parties under section, 4969, Rev. Laws 1910, which provides that:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments, owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real or personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal prop-

erty, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable."

The testimony of the parties, respectively, and their witnesses is more or less in conflict, as is usual in such cases, but we find there is ample testimony sustaining the judgment and decrees of the trial court.

The record discloses that there is but little disparity in the amount of separate property of the parties, and we think that the money judgment rendered in favor of the plaintiff by the trial court is the maximum amount to which she was entitled, and to increase the amount thereof to the sum that the plaintiff prays for, in our opinion, could have but one effect, and that would be to drive the defendant into bankruptcy, resulting in total insolvency.

Finding no reversible error in the record, the judgment and the decrees of the trial court are in all things affirmed.

PITCHFORD, V. C. J., and McNEILL, KENNAMER, MILLER, and NICHOLSON, JJ., concur.